HOBSON, Justice.
On February 26, 1953 the State, on the relation of the County Solicitor and Assistant County Solicitor of Dade County, filed in chancery a bill of complaint under F.S. Sec. 64.11, F.S.A., to enjoin a nuisance. The relevant portions of this bill are the following:
“II.
“The defendants are the owners and operators of Rancho Lido, 3120 N.W, 41st Street, Dade County, Florida.
“III.
“The relators respectfully state that in the operation of said business defendants have set up said Rancho Lido for the purpose of lewdness, assignation and prostitution and operate the said Rancho Lido against the peace and dignity of the State of Florida and against the laws of the State of Florida.
“IV.
“The relators, being of the firm conviction that the said Rancho Lido is being operated as a house of ill fame, against the peace and dignity of the State of Florida; being a detriment to the property owners surrounding said Rancho Lido and the community as a whole,
“The Relators respectfully pray:”
The prayer was for a temporary and permanent injunction.
One of the defendants interposed a motion for the dismissal of the bill for failure to state a claim upon which relief could be granted. The motion was denied, and after answer, which denied all of the material allegations of the bill, testimony was taken. Following final hearing the court entered its order enjoining the defendants from using the described property as a house of ill fame. This is the order here appealed from by the same defendant who filed the abovementioned motion to dismiss.
F.S. Sec. 64.11, F.S.A., authorizes a county solicitor to sue as relator to enjoin a nuisance as defined in Sec. 823.05. The latter section provides in part:
“Whoever shall * * * maintain ■ * * * any house or place of prostitution, assignation, [or] lewdness * * * shall be deemed guilty of maintaining a nuisance * *
The question presented is whether or not the allegations of the bill are sufficient to state a claim which is actionable under the statute. It is obvious upon the briefest examination of the bill that if a claim is stated it must be found in Paragraphs numbered III and IV thereof, or either of them. Paragraph IV must next be-eliminated, because at most it announces, only the “firm conviction” of the relators,, and the state of mind of the moving parties, cannot be said to have any relevancy herein. It remains to consider Paragraph III. The operative words of that paragraph charge that the defendants “have set up said Rancho Lido for the purpose of lewdness, assignation and prostitution * * * ’* but it is nowhere charged that this purpose is being fulfilled, i. e., that the forbidden activities specified in the statute are actually being carried on by the defendants or under their auspices at the Rancho Lido. Thus the basic conclusion contained in the bill does not state a claim within the purview of the statute.
As stated by Mr. Chief Justice-Brown, separately concurring in Philbrick v. City of Miami Beach, 147 Fla. 538, 3 So.2d 144, 146, “[t]he general rulé-is that in cases in equity brought to enjoin a nuisance, such purpose should be clearly indicated and facts alleged showing-the existence of the alleged imisance and the character and extent of the danger or-damage occasioned thereby.” (Italics supplied.) It is true, as appellee contends, that maintaining a house of prostitution is. per se a public nuisance, and therefore the “character and extent of the danger or damage” need not be shown. But the requirement of alleging facts to show the existence of the nuisance is not there- *855 fore cast aside. Indeed, the very ease with which so serious and reprehensible a charge as maintaining a public nuisance per se of this sort may be properly pleaded is the more reason for our position that the required allegations be carefully and fully set forth. Appellee in its excellent brief cites cases from, other jurisdictions which have passed on the sufficiency of a bill to enjoin a public nuisance similar to that which was here attempted to be alleged. In none of these cases, however, could it be said that, as here, not even the ultimate fact of maintaining a house of prostitution was alleged. We hold that the chancellor should have dismissed the bill now before us.
The question of the sufficiency of proof is not raised on this appeal, and we do not consider it.
For the foregoing reasons, the cause must be reversed, and it is so ordered.
ROBERTS, C. J., and THOMAS and DREW, JJ., concur.