PER CURIAM.
The appellants, William E. Wade and Harry J. Kangieser, have proceeded in the trial court as well as in this court without the aid of an attorney. They appeal an order of the trial court which dismissed their first amended complaint and granted them twenty days to file an amended complaint. The first amended complaint sought an injunction against Kermit Lewin as Zoning Director for Monroe County. It prayed that he be enjoined from:
* * * * * *
“. . . the issuance of further construction permits where the applicant is to dig excavations that will be without openings on either end, and which will fill with stagnant salt water, which will be a nuisance as set forth in Section 823.05, 60.05 and 386.041(e) of the Statutes of the State of Florida, F.S.A.; and that the said defendant, Kermit Lewin, be further enjoined from issuing any further construction permits unless all of the requirements of Section 4(X) of the Zoning Regulations for Monroe County are complied with; and that the defendant, Kermit Lewin, be further ordered to submit to this Court a detailed list of each and every premises in the County of Monore [sic] as of the date hereof wherein excavations are being carried out without openings at either end, and which will, or are filled with stagnant salt waiter [sic]; and these plaintiffs further pray that the defendant, Kermit Lewin, be ordered to withdraw said building permits and to take the steps granted to him under the applicable provisions of the zoning regulations for the abatement of the said conditions wherever they may esist [sic] throughout the County of Monroe as a result of his wrongful issuance of such permits.”
* * * * * *
As to the other defendant, D. R. Gaines Construction Company, the appellants prayed for a decree that the company was maintaining a nuisance.
We have carefully read the appellants’ first amended complaint and we must agree with the trial court that the allegations therein are not sufficient to support relief. See Ellis v. State ex rel. Marsh, Fla.1954, 73 So.2d 853.
Accordingly, the order appealed is affirmed.